FIRST STATE BANK OF KERRVILLE, TEX., v. LOWRY et al.

In re J. Q. WHEELER & SON.

(Circuit Court of Appeals, Fifth Circuit. November 11, 1915.)

No. 2764.

EVIDENCE ⬥══314—HEARSAY—TESTIMONY AS TO STATEMENT OF THIRD PERSON.
    In an action by a trustee in bankruptcy to recover as a voidable prefer-
ence property transferred by the bankrupt within four months to defend-
ant bank as security for an antecedent indebtedness, testimony as to a
statement said to have been made by the bankrupt subsequent to the
transfer, but which he denied, to the effect that he had told defendant
that he was insolvent, was hearsay, and its admission was prejudicial
error.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1168–1173;
Dec. Dig. ⬥══314.]

In Error to the District Court of the United States for the Western
District of Texas; Thomas S. Maxey, Judge.

Action at law by C. L. Lowry, trustee of the estate of J. Q. Wheeler
& Son, bankrupts, against the First State Bank of Kerrville, Tex.
Judgment for plaintiff, and defendant brings error. Reversed.

J. R. Burnett, of Kerrville, Tex., for plaintiff in error.

H. C. Geddie, of Kerrville, Tex. (U. F. Short, of Dallas, Tex., on
the brief), for defendants in error.

Before PARDEE and WALKER, Circuit Judges, and SPEER,
District Judge.

WALKER, Circuit Judge. This was an action by the defendant
in error, suing as the trustee of J. Q. Wheeler & Son, bankrupts, to
recover of the plaintiff in error the value of certain personal prop-
erty alleged to have been transferred to it as security by the bankrupts
within four months before the filing of the petition in bankruptcy.
The petition in the case alleged that when the transfer was made
the defendant knew or had reasonable cause to believe that the
transferrors were insolvent, and that the effect of the enforcement of
the transfer would be to enable the defendant to obtain a greater
percentage of its debt than any other creditor of the same class. The
allegations of the petition to the above-stated effect were duly put
in issue.

It appears from the record that the transfer of collateral by the
bankrupts to the defendant which was attacked as a voidable prefer-
ence was made on September 8, 1913. On the trial, one of the bank-
rupts, J. Q. Wheeler, was examined as a witness for the plaintiff,
and in the course of his examination was asked by the plaintiff's
counsel if he had told Moore and Ellis, on October 21st, or 22d,
that his son Charles, who left Kerrville September 4th, took all the
money he had and had ruined him and the business, and that he was
"busted," and so told the officers of the defendant bank. In response
to this question the witness testified that he made no such statement

⬥══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and had no such conversation. Over objections duly made by the defendant, Moore and Ellis, as witnesses for the plaintiff, were permitted to testify that on October 21 or 22, 1913, they had such conversations with J. Q. Wheeler, and that Wheeler stated to them that when his son went away he took all the money, and that he went to the defendant bank and told it that he was "busted." The testimony so admitted was objected to as hearsay, and also on the ground that the plaintiff could not impeach his own witness. Exceptions were duly reserved to the action of the court in overruling the objections made and permitting the introduction of the above-mentioned testimony of Moore and Ellis.

There is nothing in the record to indicate that the testimony was admissible under any recognized exception to the general rule which forbids the impeachment of a witness by the party who introduced him. A statement made by the presiding judge when the ruling was announced showed that the testimony was not admitted for the purpose of enabling the party offering it to impeach his own witness, and that it was regarded as admissible on the issue of insolvency of Wheeler & Son at the time of the alleged preference. The obviously prejudicial effect of the ruling was in its letting in hearsay testimony as evidence of a fact which was material under the issues in the case. One of the issues was as to the defendant having or not having knowledge or notice of the insolvent condition of J. Q. Wheeler & Son when they made the assailed transfer to the defendant on September 8, 1913. The effect of the ruling was to let in as evidence of such knowledge or notice the fact that in October J. Q. Wheeler said to third persons, in effect, that before the transfer was made he informed the defendant bank of his firm's insolvent condition. This statement, subsequently made by one of the transferrors to third persons, no representative of the transferee being present, was, as to the latter, mere hearsay. It cannot be affirmed that the hearsay testimony so admitted did not have weight with the jury in leading it to the conclusion evidenced by the verdict, as there is nothing in the record to forbid the conclusion that the finding that the defendant bank, at the time the assailed transfer to it was made, knew or had reasonable cause to believe that the firm making the transfer was insolvent was not based, in whole or in part, on the testimony of Moore and Ellis as to what J. Q. Wheeler said to them some time after the transfer was made. A material fact was not properly provable against the transferee by testimony as to unsworn statements subsequently made by a transferror to third persons, no representative of the transferee being present or in any way acquiescing in the truth of the statements. The conclusion is that the effect of the ruling was to let in inadmissible hearsay evidence which was prejudicial to the defendant, and that the action of the court in overruling the objections made to that evidence was reversible error.

Other rulings are presented for review. Further mention of them is not deemed necessary, as the questions involved are such that they are not likely to arise in another trial.

For the error above pointed out, the judgment is reversed.